IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRYNN GRIFFIN, DS-7983, )
    Petitioner, )
)
    v. ) 2:11-cv-527
)
JAMES J. MCGRADY, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the respondents' Motion to Dismiss (Docket No.12) be granted, and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

II. Report:

Brynn Griffin an inmate at the State Correctional Institution at Retreat has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Griffin is presently serving a six to twenty year sentence to be followed by an eight year probationary period imposed following his conviction by the court of involuntary deviate sexual intercourse, sexual assault and aggravated indecent assault at No. CC 199609985 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on August 20, 1998.[1]

An appeal was taken to the Superior Court[2] in which the issues presented were:

1. Whether appellant was denied effective assistance of counsel for trial counsel's failure to file, and argue, a motion to suppress statements and a motion to suppress physical evidence.

2. Whether appellant's waiver of jury trial was a voluntary, knowing and intelligent waiver of his constitutional rights.

---

[1] See Petition at ¶¶1-7.
[2] Although the petitioner filed an appeal, that appeal was dismissed for failure to file a brief. Griffin then filed a post-conviction petition following which his right to appeal was reinstated.

1

3. Whether the verdict is contrary to the evidence and against the weight of the evidence.

4. Whether the sentence imposed is excessive.[3]

On July 16, 2002, the judgment of sentence was affirmed and allowance of appeal to the Pennsylvania Supreme Court was denied on August 6, 2003.[4]

A post-conviction petition was filed on November 9, 2004 and relief was denied on March 23, 2007.[5] An appeal was taken to the Superior Court in which the issue presented was:

I. Did the trial court err in denying post-conviction relief relative to Appellant's claim that trial counsel was ineffective[ ] for failing to advise Appellant of his constitutional right to testify and to call Appellant as a witness?[6]

On June 2, 2008, the denial of post-conviction relief was affirmed.[7] A petition for allowance of appeal to the Pennsylvania Supreme Court was filed raising this same issue and on January 21, 2009, leave to appeal was denied.[8]

On September 8, 2009, Griffin filed another post-conviction petition and that petition was denied on October 15, 2009 on grounds that it was untimely.[9] An appeal was taken to the Superior Court in which the issues raised were:

1. Whether the trial court may, consistent with Due Process and Equal Protection, deny petitioner's post conviction petition as time-barred, where petitioner can prove miscarriage of justice and innocence.

2. Whether the trial court may, consistent with Due Process and Equal Protection, deny petitioner post conviction relief relative to petitioner's claim of actual innocence/miscarriage of justice in regards to his conviction.

3. Whether the trial court may, consistent with Due Process and Equal Protection, deny petitioner post conviction relief relative to petitioner's claim of constitutionally layered ineffective assistance of counsel(s) negligence, in

---

[3] See: Exhibit 4 to the answer.
[4] See: Exhibits 5 and 1 to the answer.
[5] See: Exhibit 9 to the answer.
[6] See: Exhibit 10 to the answer.
[7] See: Exhibit 11 to the answer.
[8] See: Exhibits 12 and 1 to the answer.
[9] See: Exhibits 1 and 14 to the answer.

violation of the Sixth Amendment right to counsel; and effective assistance of counsel.

4. Whether the trial court may, consistent with Due Process and Equal Protection, deny petitioner post conviction relief relative to petitioner's claim of the Commonwealth's violation of petitioner's constitutionally guaranteed and fundamental right to privacy and protection against all unreasonable searches and seizures, and a violation of Brady and Giglio.

5. Whether the trial court may, consistent with Due Process and Equal Protection, deny petitioner post conviction relief relative to petitioner's claim of denial of his constitutional right to a fair and impartial trial/trier of facts.[10]

On October 12, 2010, the Superior Court affirmed the denial of post-conviction relief on grounds of lack of timeliness.[11] Leave to file an application for leave to appeal to the Pennsylvania Supreme Court nunc pro tunc was denied by that Court on March 2, 2011.[12]

In the instant petition, executed on April 1, 2011, Griffin contends he is entitled to relief on the following grounds:

1. The court may not, consistent with Due Process and Equal Protection under the state and federal constitution, deny relator's petition as time-barred when the application of the time-bar exception has been satisfied under 42 Pa.C.S.A. 9545(b)(1)(i)(ii)(2), in accordance with the Due Process and Equal Protection clause under the 5th and 14th amendment to the U.S. Constitution and U.S. Supreme Court precedent cited herein.

2. The Commonwealth may not, consistent with Due Process and Equal Protection (i.e. Bill of Rights) under the Fifth and Fourteenth Amendments to the federal constitution, in violation of law, deny relator a full and fair fact hearing, and post conviction relief when relator has met the burden of proving his issues in accord with the required "preponderance of the evidence" standard, and the state factual determination is not fairly supported by the record as a whole.

3. The Commonwealth may not, consistent with Due Process and Equal Protection (i.e. Bill of Rights) under the Fifth and Fourteenth Amendments to the federal constitution, in violation of law, convict relator when there is no evidence of relator's guilt.

---

[10] See: Exhibit 15 to the answer.
[11] See: exhibit 16 to the answer.
[12] See: Exhibit 1 to the answer.

3

4. Relator received constitutionally layered ineffective assistance/negligence of counsel(s) of the Sixth Amendment right to counsel and effective assistance of counsel(s) in violation of law.

5. The trial court may not, consistent with Due Process and Equal Protection (i.e. Bill of Rights) under the Fourth, Fifth and Fourteenth Amendments to the state and federal constitution, in violation of law, convict relator based upon illegally seized, fabricated, manufactured, suppressed, tainted and/or fraudulent evidence in violation of relator's constitutionally guaranteed and fundamental right to privacy and protection against unreasonable (illegal) searches and seizures (i.e. Fourth Amendment).

6. The trial court may not, consistent with Due Process and Equal Protection (i.e. Bill of Rights) under the Fifth and Fourteenth Amendments to the federal constitution, in violation of the law, deny relator his constitutional right to a fair and impartial trial/trier of facts.

The Commonwealth has now moved to dismiss and in support of that motion contends that the instant petition is time barred.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, leave to appeal to the Pennsylvania Supreme Court was denied August 6, 2003, and for this reason, his conviction became final on November 4, 2003 when the time in

which to seek a writ of certiorari expired. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until November 9, 2004 or just over a year after he could have done so. That petition was denied on March 23, 2007; the denial of post-conviction relief was affirmed by the Superior Court on June 2, 2008 and leave to appeal to the Pennsylvania Supreme Court was denied on January 21, 2009.

Griffin then filed a second post-conviction petition on September 8, 2009. The latter petition was dismissed as untimely under Pennsylvania law.[13] That conclusion was affirmed by the Superior Court on October 12, 2010 and leave to appeal nunc pro tunc was denied by the Pennsylvania Supreme Court on March 2, 2011. The instant petition was executed on April 1, 2011. Since under Pennsylvania law, the second post-conviction was not a "properly filed" post-conviction petition, in order to proceed here, the instant petition should have been filed here immediately after the denial of his first post-conviction petition on January 21, 2009. Rather, the instant petition was executed on April 1, 2011 or over two years after it should have been submitted. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

We note that the determination of the Pennsylvania courts that the latest post-conviction did not qualify for any exceptions which would waive the one year filing time limit set forth in 42 Pa.C.S.A. §9545(b)(1) was a matter of state law, and as such not subject to review here. <u>Waddington v. Sarausad</u>, 129 S.Ct. 823, 832 n.5 (2009). Likewise, the exceptions enumerated in 28 U.S.C. §2254(d) are not applicable here.

Thus, because the petition here is time barred, it is recommended that motion to dismiss the petition of Brynn Griffin for a writ of habeas corpus be granted, and because reasonable

---

[13] See: 42 Pa.C.S.A. 9545(b) which provides in part that a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final …"

jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Filed: August 1, 2011

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge